IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER OSSOLA, JOETTA CALLENTINE, AND SCOTT DOLEMBA, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | 13 C 4836 |
| v. | ) ) | Judge John Z. Lee |
| AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS CENTURION BANK, WEST ASSET MANAGEMENT, INC., and ALORICA, INC. | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendant Alorica, Inc. moves to dismiss Plaintiff Calentine's First Amended Consolidated Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6). Callentine alleges that Alorica called her cell phone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* But because this Court finds that it lacks personal jurisdiction over Alorica, it grants the motion and dismisses Alorica from the proceedings.

Courts may exercise personal jurisdiction over a defendant by either general jurisdiction or specific jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 701–02 (7th Cir. 2010). General jurisdiction exists where a defendant has "continuous and systematic" contacts with a state, even if the proceeding is unrelated to those contacts. *Id.* at 701. Specific jurisdiction "is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully

availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id.* at 702.

Generally, "[t]he plaintiff has the burden of establishing personal jurisdiction." *Id.* at 700. When the "issue is raised by a motion to dismiss and decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Id.* However, "[i]f the defendant submits affidavits in support of the motion, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" *Pickering v. ADP Dealer Serv., Inc.*, No. 12 C 6256, 2013 WL 996212, at *2 (N.D. Ill. Mar. 13, 2013) (quoting *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003)). While we resolve conflicts in favor of the plaintiff, "we accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009) (citing *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 905 (N.D. Ill. 2006)).

Alorica contends that neither general nor specific jurisdiction exists in this case. According to Alorica, general jurisdiction does not exist because the company does not have any "continuous and systematic" business relationships in Illinois, as established in its attached declaration. *See* Def.'s Mem. 3–4; Pollack Decl. ¶¶ 1–4. Further, Alorica argues the Court lacks specific jurisdiction because the Complaint does not allege any contact with Illinois by Alorica, a California corporation; the two phone calls Alorica allegedly placed were to a cell phone in Ohio. *Id.* at 4–6.

In her response to the motion, Callentine makes no argument to the contrary. *See generally* Pl.'s Resp. And in her Complaint, she only generally alleges that Alorica "[does] business in the state of Illinois and this District." 1st Am. Consolidated Class Action Compl. ¶

13. This allegation is woefully inadequate to support a finding of general jurisdiction. *See Tamburo*, 601 F.3d at 701 ("The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence."). Furthermore, the alleged injury in this case arises from two phone calls that were not directed at or otherwise involve the forum state, Illinois. This Court thus cannot find that it has specific jurisdiction over Alorica. *See Pickering*, 2013 WL 996212, at \*\*2–4 (California business sending text messages to cell phone of Texas resident insufficient to establish specific jurisdiction in Illinois as to claim under TCPA).

Callentine must therefore rest solely on the notion that Alorica has "waived" personal jurisdiction by responding to American Express' pending motion for partial summary judgment. *Id.* at 1–2. A party generally preserves the personal jurisdiction defense by raising it in a responsive pleading or motion. *See* Fed. R. Civ. P. 12(h)(1). But a party may still ultimately waive that defense "by 'formal submission in a cause, or by submission through conduct.'" *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (quoting *Trs. of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir.1991)).

Callentine cites exclusively to cases where a defendant waived its defense by either moving for summary judgment or actively participating in the proceedings for several years. *See* Pl.'s Resp 1–2. Alorica's involvement in this case is not comparable and, indeed, courts have found no waiver where the defendant's involvement appeared to be more significant than Alorica's here. *See*, *e.g.*, *Maxwell v. Vertical Networks, Inc.*, No. 03 C 5715, 2005 WL 950634, at \*12 (N.D. Ill. 2005). Alorica has only been involved in these proceedings since June 2014. It has filed an answer and a motion to dismiss, both of which asserted lack of personal jurisdiction. Although Alorica did file a response to American Express' motion for partial summary judgment

after the filing of its motion to dismiss, this Court does not find that Alorica waived its defense by doing so; Alorica could not simply assume it would ultimately be dismissed and then neglect to respond while it awaited a decision. Accordingly, this Court grants Alorica's motion.[1]

Alorica's motion to dismiss [151] is granted and Alorica is hereby dismissed without prejudice.

**SO ORDERED**  **ENTER:  2/20/15**

**JOHN Z. LEE**
**United States District Judge**

---

[1] Because the Court reaches its decision based on jurisdictional grounds, it need not reach the remaining arguments in Alorica's motion.

4