# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER OSSOLA, JOETTA CALLENTINE, and SCOTT DOLEMBA on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )  No. 13 C 4836 |
| v. | )  Judge John Lee |
| AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS CENTURION BANK, WEST ASSET MANAGEMENT, INC., and ALORICA INC., | )  Magistrate Judge Jeffrey Cole<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiffs have filed a motion to compel West Asset Management to produce certain emails. [Dkt. #256]. The motion contains only the laconic and unamplified statement that "despite plaintiffs' good faith efforts to meet and confer West has refused to produce even a single email or item of discovery related to the calls it has made, necessitating this motion to compel."[1] On the same day, West filed a motion for a protective order providing that it not be forced to produce the emails requested by the plaintiffs. [Dkt. #256]. Neither motion contains the "certification" required by Rule 26(c)(1) of the Federal Rules of Civil Procedure. Local Rule 37.2 provides that the court:

shall hereafter refuse to hear any and all motions for discovery and production of

---

[1] What the good faith efforts consist of, when they occurred, and when and how they were apparently rebuffed is not explained. And there is an obvious gap between a claim of good faith efforts to meet and confer and the ultimate refusal to produce anything. What's missing is the actual process of having conferred. It is not clear whether West refused to meet. If that were true, Rule 37.2 would be satisfied. But, the motion is devoid of any specifics that would support the conclusion that the plaintiffs acted responsibly but West did not. Rule 37, by its rather plain terms, does not permit the sort of guesswork the plaintiffs' motion requires.

documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation *in person or by telephone* [letters and emails don't count] and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation. (Emphasis supplied).

"The purpose of the rule is to curtail undue delay and expense in the administration of justice. The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never-ending procession of cases that compete for judicial attention. If the parties can resolve the issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour needlessly spent on a dispute is an hour squandered. 'Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention.' This is a problem that the Seventh Circuit has repeatedly adverted to..." *Paulcheck v. Union PAC. R. Co.*, 2010 WL 1727856, at *1 (N.D.Ill. 2010)(citations omitted). *Accord Chamberlain Group v. Lear Corp.*, 2010 WL 2836975, 1 -2 (N.D.Ill. 2010)(St. Eve, J.)(citing and quoting *Paulcheck*).

Since neither motion satisfies the requirements of Rule 26 or Local Rule 37.2, both motions are denied without prejudice. The parties are ordered, at their convenience, to have the face-to-face conference required by the Rules. They are further required following that conference should the present disputes remain unresolved to file a statement that complies with the expanded procedures set forth in *Autotech Technologies Ltd. Partnership v. Automationdirect.Com, Inc.*, 2007 WL 2713352, *1-2 (N.D.Ill. 2007). *See also Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 591 (N.D.Ill. 2013).

2

Finally, the approach taken by the parties to the briefing is designed not to conserve judicial resources but to enable each side to have the last word. As things now stand there are two sets of briefs on the disputed issue rather than one. So each side now gets a reply brief. The upshot of this artificial structuring is that instead of there being three briefs on the discoverability of the emails, there are six. That is three too many.

The plaintiffs' motion to compel [Dkt. #258] and West Asset's motion for protective order [Dkt. #256], both filed on 2/24/15, are denied without prejudice. Strategic filing to gain the last word will not be permitted. The presently scheduled presentment dates of 3/3/15 and 3/5/15 are stricken and no appearance will be necessary. The parties, of course, are free to renew the question of the producability of the disputed emails if they cannot resolve their dispute and as long as there is compliance with this Order.

**ENTERED:** _/s/ Jeffrey Cole_
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 3/2/15