# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER OSSOLA, JOETTA CALLENTINE and SCOTT DOLEMBA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS CENTURION BANK, AND WEST ASSET MANAGEMENT, INC.<br><br>    Defendants. | Case No. 1:13-cv-04836<br><br>**ORDER (1) CONDITIONALLY CERTIFYING TELEMARKETING SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION TELEMARKETING SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING FOR TELEMARKETING SETTLEMENT** |

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Telemarketing Settlement") in the case entitled Ossola, et al. v. American Express Company, et al., United States District Court for the Northern District of Illinois Case No. 13-04836 (the "Action"). The Action is brought by plaintiff Joetta Callentine ("Plaintiff"), individually and on behalf of all others similarly situated, against defendants American Express Company, American Express Centurion Bank (together, "American Express") and West Asset Management, Inc. ("WAM" and, together with American Express and Plaintiff, the "Parties"). Based on this Court's review

of the Parties' Settlement Agreement and Release (the "Telemarketing Agreement"), Plaintiff's Motion for Preliminary Approval of Telemarketing Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.  <u>Settlement Terms</u>.  Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Telemarketing Agreement.

2.  <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Telemarketing Settlement Class.

3.  <u>Scope of Telemarketing Settlement</u>.  The Telemarketing Agreement resolves all claims for the Telemarketing Class alleged in the Class Action Complaint filed in the Northern District of Illinois on July 3, 2013, as amended on October 25, 2013, January 24, 2014 and June 10, 2014.  <u>See</u> Dkts. 1, 34, 71 and 126.

4.  <u>Preliminary Approval of Proposed Telemarketing Settlement</u>.  The Court has conducted a preliminary evaluation of the Telemarketing Settlement as set forth in the Telemarketing Agreement.  Based on this preliminary evaluation, the Court finds that:  (a) the Telemarketing Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Telemarketing Agreement has been negotiated in good faith at arm's length between experienced

2

attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Telemarketing Settlement to persons in the Telemarketing Settlement Class for their consideration (Exs. 2, 3 and 4 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Telemarketing Settlement.

5.    <u>Class Certification for Settlement Purposes Only</u>.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Telemarketing Settlement only, the following Telemarketing Settlement Class:

> All persons nationwide within the United States who, on or after July 3, 2009 through March 15, 2016, received a telemarketing call from Alorica Inc. (or its agents or affiliates) on behalf of American Express, in connection with the marketing of American Express small business charge and/or credit cards to potential customers, to a cellular telephone number through the use of an automatic telephone dialing system, predictive dialer and/or artificial or prerecorded voice.

6.    In connection with this conditional certification, the Court makes the following preliminary findings:

(a)    The Telemarketing Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)     There appear to be questions of law or fact common to the Telemarketing Settlement Class for purposes of determining whether the Telemarketing Settlement should be approved;

(c)     Plaintiff's claims appear to be typical of the claims being resolved through the Telemarketing Settlement;

(d)     Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Telemarketing Settlement Class in connection with the Telemarketing Settlement;

(e)     For purposes of determining whether the Telemarketing Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Telemarketing Settlement Class; accordingly, the Telemarketing Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Telemarketing Settlement, certification of the Telemarketing Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Telemarketing Settlement Class.

LA 51998042

7.      <u>Class Representative</u>.  The Court appoints Plaintiff to act as class

representative of the Telemarketing Settlement Class pursuant to Rule 23 of the

Federal Rules of Civil Procedure.

8.      <u>Class Counsel</u>.  The Court appoints Burke Law Offices, LLC, Keogh

Law, Ltd., Lieff Cabraser Heimann & Bernstein, LLP, SmithMarco P.C. and

Meyer Wilson Co., LPA as Class Counsel pursuant to Rule 23 of the Federal Rules

of Civil Procedure.

9.      <u>Final Approval Hearing</u>.  At 1:30 p.m. on November 30, 2016, in

Courtroom 1225 of United States Courthouse, 219 South Dearborn Street,

Chicago, Illinois, 60604, or at such other date and time later set by Court Order,

this Court will hold a Final Approval Hearing on the fairness, adequacy and

reasonableness of the Telemarketing Agreement and to determine whether (a) final

approval of the Telemarketing Settlement embodied in the Telemarketing

Agreement should be granted, and (b) Class Counsel's application for attorneys'

fees and expenses, and service award to Plaintiff, should be granted, and in what

amount.  No later than September 5, 2016, which is thirty (30) days prior to the

Opt-Out and Objection deadline, Plaintiff must file papers in support of Class

Counsel's application for attorneys' fees and expenses and the service award to

Plaintiff.  No later than November 16, 2016, which is fourteen (14) days prior to

LA 51998042

the Final Approval Hearing, papers in support of final approval of the

Telemarketing Settlement and response to any written objections must be filed.

10. <u>Settlement Claims Administrator</u>. Kurtzman Carson Consultants is

hereby appointed as the Claims Administrator and shall be required to perform all

the duties of the Claims Administrator as set forth in the Telemarketing Agreement

and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice

to the Telemarketing Settlement Class directly (using e-mail and post cards) and

establishment of a Settlement Website, as more fully described in Plaintiff's

Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and

content, complies with the requirements of Rule 23 of the Federal Rules of Civil

Procedure and due process, and constitutes the best notice practicable under the

circumstances. The Court hereby directs the Parties and the Claims Administrator

to complete all aspects of the Notice Plan no later than August 3, 2016 ("Notice

Deadline").

12. The Claims Administrator will file with the Court by no later than

November 16, 2016, which is fourteen (14) days prior to the Final Approval

Hearing, proof that notice was provided in accordance with the Telemarketing

Agreement and this Order.

6

13.     To the extent any person in the Telemarketing Settlement Class is also a member of the separate class action settlement which American Express, WAM and plaintiffs Jennifer Ossola ("Ossola") and Scott Dolemba ("Dolemba") have entered to resolve the individual and putative class claims asserted by Ossola and Dolemba in the Action relating to debt collection calls by WAM on behalf of American Express (the "Debt Collection Settlement"), that person is not precluded by submitting a claim from participating in the Debt Collection Settlement, including submitting a claim, requesting exclusion or objecting to the Debt Collection Settlement, pursuant to the conditions described in the Settlement Agreement and Release in the Debt Collection Settlement.

14.     Opt-Out and Objection Deadline.  Persons in the Telemarketing Settlement Class who wish to either object to the Telemarketing Settlement or request exclusion from the Telemarketing Settlement Class must do so by October 3, 2016, which is sixty (60) calendar days after the Notice Deadline.  Persons in the Telemarketing Settlement Class may not both object and opt-out.  If a person both requests to opt-out and objects, the request to opt-out will control.

15.     Exclusion from the Telemarketing Settlement Class.  To request exclusion from the Telemarketing Settlement Class, a person in the Telemarketing Settlement Class must follow the directions in the Class Notice and send a

7

compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be personally signed by the person in the Telemarketing Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Telemarketing Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the Telemarketing Settlement in the Ossola action." No request for exclusion will be valid unless all of the foregoing information is included. No person in the Telemarketing Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Telemarketing Settlement Class, may exclude any other person or any group of persons from the Telemarketing Settlement Class.

16.     The Claims Administrator will retain a copy of all requests for exclusion. Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

17.     If a timely and valid exclusion request is made by a person in the Settlement Class, then the Telemarketing Agreement and any determinations and judgments concerning the Telemarketing Settlement will not bind the excluded person.

18.     All Telemarketing Settlement Class Members will be bound by all determinations and judgments concerning the Telemarketing Settlement.

19.     <u>Objections to the Telemarketing Settlement</u>.  To object to the Telemarketing Settlement, Telemarketing Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline.  Telemarketing Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following:  (i) Class Counsel –Lieff Cabraser Heimann & Bernstein, LLP, Daniel M. Hutchinson, 275 Battery Street, 29th Floor, San Francisco, CA 94111; and (ii) American Express's Counsel – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067.  In connection with an objection, the Telemarketing Settlement Class Member must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Telemarketing Settlement Class Member, including providing the cellular telephone number called; (b) include a statement of such Telemarketing Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the Telemarketing Settlement Class Member is represented by an attorney, list all other cases in which the

Telemarketing Class Member has filed an objection. The Court will not consider an objection unless the objection includes all of the foregoing information.

20.     Any Telemarketing Settlement Class Member who fails to comply with Paragraph 19 will not be permitted to object to the Telemarketing Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Telemarketing Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Telemarketing Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Telemarketing Settlement Class.

21.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

22.     If for any reason whatsoever this Telemarketing Settlement is not finalized or the Telemarketing Settlement as detailed in the Telemarketing Agreement is not finally approved by the Court, the certification of the

LA 51998042

Telemarketing Settlement Class shall be void and the Parties and the Action will
return to the status quo as it existed prior to the Telemarketing Agreement, and no
doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in
response to any motion seeking class certification, any motion seeking to compel
arbitration or otherwise asserted at any other stage of the Action or in any other
proceeding.  No agreements, documents or statements made by or entered into by
any Party in connection with the Telemarketing Settlement may be used by
Plaintiff, any person in the proposed Telemarketing Settlement Class, American
Express or any other person to establish liability, any defense and/or any of the
elements of class certification, whether in the Action or in any other proceeding.

23.    In the event that the Telemarketing Settlement is not approved, or is
terminated, canceled or fails to become effective for any reason, the money
remaining in the Telemarketing Settlement Fund (including accrued interest), less
expenses and taxes incurred or due and owing and payable from the Settlement
Fund in accordance with the Telemarketing Agreement, shall be returned to
American Express within 15 days of the event that causes the Telemarketing
Agreement to not become effective.

24.    No Admission of Liability.  The Telemarketing Agreement and any
and all negotiations, documents, and discussions associated with it, will not be

deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by American Express, or the truth of any of the claims. Evidence relating to the Telemarketing Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Telemarketing Agreement, this Order and the Final Approval Order.

25.    <u>Reasonable Procedures to Effectuate the Telemarketing Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Telemarketing Settlement that are not materially inconsistent with this Order or the Telemarketing Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Telemarketing Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Telemarketing Settlement Class.

26.    <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

12

| | |
|---|---|
| **August 3, 2016** [30 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **September 5, 2016** [30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Awards |
| **October 3, 2016** [60 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **November 1, 2016** [90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| **November 16, 2016** [14 days prior to Final Approval Hearing ] | Deadline for Parties to file the following: (1) List of persons who made timely and proper requests for exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. |
| **November 30, 2016 at 1:30 p.m. CT** | Final Approval Hearing |

IT IS SO ORDERED.

Dated: 7/6/16

_____

Hon. John Z. Lee
United States District Judge

LA 51998042