# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER OSSOLA, JOETTA CALLENTINE and SCOTT DOLEMBA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS CENTURION BANK, and WEST ASSET MANAGEMENT, INC.,<br><br>Defendant. | Case No. 1:13-cv-04836<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

The Court having held a Final Approval Hearing on November 30, 2016 at 1:30 p.m., notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying A Telemarketing Settlement, (2) Preliminarily Approving Class Action Telemarketing Settlement, (3) Approving Telemarketing Settlement Notice Plan, and (4) Setting Final Approval Hearing for Telemarketing Settlement ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and

LA 51998050

otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Telemarketing Settlement Agreement and Release, including its exhibits, fully executed on June 30, 2016 (the "Telemarketing Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order (Dkt. No. 357) are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Telemarketing Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3. The Telemarketing Settlement Class means all persons nationwide within the United States who, on or after July 3, 2009 through March 15, 2016, received a telemarketing call from Alorica Inc. (or its agents or affiliates) on behalf of American Express, in connection with the marketing of American Express small business charge and/or credit cards to potential customers, to a cellular telephone number through the use of an automatic telephone dialing system, predictive dialer and/or an artificial or prerecorded voice. Excluded from the Telemarketing

Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Telemarketing Settlement Class. All Persons who validly excluded themselves from the Telemarketing Settlement Class are not Telemarketing Settlement Class Members as that term is defined and used herein, and shall not be bound by this Final Approval Order or any release provided herein. A list identifying all Persons who validly excluded themselves from the Telemarketing Settlement Class has been filed under seal with the Court (see Dkt. No. 370).

4. The Court notes that there were no objections to the settlement agreement filed by class members and that the Telemarketing Settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

5. The Court hereby finds that the Telemarketing Agreement is the product of arm's-length settlement negotiations between Plaintiff and Class Counsel, on the one hand, and American Express and its respective counsel on the other hand.

6. The Court hereby finds and concludes that Class Notice was disseminated to members of the Telemarketing Settlement Class in accordance

3

with the terms set forth in Section III.E of the Telemarketing Agreement and this Court's Preliminary Approval Order (Dkt. No. 357).

7. The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all members of the Telemarketing Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Telemarketing Settlement Class as contemplated in the Telemarketing Settlement and this Order.

8. This Court hereby finds and concludes that the notice provided by American Express pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9. The Court finds that the Telemarketing Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Telemarketing Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Plaintiff, in her role as Class Representative, and Class Counsel adequately represented the Telemarketing Settlement Class for purposes of entering into and

4

implementing the Telemarketing Agreement. Accordingly, the Telemarketing Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Telemarketing Settlement Class Members who were not excluded from the Telemarketing Settlement Class are bound by the terms and conditions of the Telemarketing Agreement.

10. The Court hereby finds that the Settlement Class Members have been adequately represented by Class Counsel. The Court specifically approves Class Counsel's application for attorneys' fees of $2,750,000 and costs of $19,380.19, which the Court finds to be fair and reasonable. Accordingly, Class Counsel is hereby awarded $2,769,380.19, such amounts to be paid from the Telemarketing Settlement Fund pursuant to and in the manner provided by the terms of the Telemarketing Agreement.

11. The Court finds the payment of a service award in the amount of $10,000 to the Telemarketing Settlement Class Representative Joetta Callentine to be fair and reasonable. Accordingly, the Telemarketing Settlement Class Representative is hereby awarded $10,000, such amounts to be paid from the Telemarketing Settlement Fund pursuant to and in the manner provided by the terms of the Telemarketing Agreement.

LA 51998050

12. The Telemarketing Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Telemarketing Settlement and this Order and Final Judgment.

13. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein. The Telemarketing Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative are typical of the claims of the Telemarketing Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Telemarketing Settlement Class Members and American Express.

14. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, this Action.

15. The Claims Administrator is directed to distribute the consideration to the Telemarketing Settlement Class pursuant to the terms of the Telemarketing Agreement.

LA 51998050

16. Plaintiff and each and every one of the Telemarketing Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Telemarketing Agreement. In addition, any rights of the Telemarketing Settlement Class Representatives and each and every one of the Telemarketing Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

17. Each and every Telemarketing Settlement Class Member, and any person actually or purportedly acting on behalf of any Telemarketing Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Telemarketing Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Telemarketing Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18. The Telemarketing Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by American Express, or of the truth of any of the claims asserted by Plaintiff, and evidence relating to the Telemarketing Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Telemarketing Agreement, the Preliminary Approval Order, and/or this Order.

19. In the event that any provision of the Telemarketing Settlement or this Final Judgment and Order of Dismissal is asserted by American Express or Alorica as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Telemarketing Settlement Class Member or any person actually or purportedly acting on behalf of any Telemarketing Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under

applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Telemarketing Agreement, this Order and this Court's authority to effectuate the Telemarketing Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. By incorporating the Telemarketing Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

21. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Telemarketing Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiff and each and every Telemarketing Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

22. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately

LA 51998050

upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Telemarketing Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Telemarketing Settlement.

23. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Telemarketing Settlement.

IT IS SO ORDERED.

Dated:

12/2/16

_____
Hon. John Z. Lee
United States District Judge

LA 51998050