# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

|  |  |
|---|---|
| JENNIFER OSSOLA, JOETTA CALLENTINE and SCOTT DOLEMBA, on behalf of themselves and all others similarly situated, | ) ) ) ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS CENTURION BANK, and WEST ASSET MANAGEMENT, INC., | ) ) ) ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Case No. 1:13-cv-04836

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

The Court having held a Final Approval Hearing on November 30, 2016 at 1:30 p.m., notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Debt Collection Settlement, (2) Preliminarily Approving Class Action Debt Collection Settlement, (3) Approving Debt Collection Settlement Notice Plan, and (4) Setting Final Approval Hearing for Debt Collection Settlement ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Debt Collection Settlement Agreement and Release, including its exhibits, fully executed on June 30, 2016 (the "Debt Collection Agreement"), and the definitions contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order (Dkt. No. 358) are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Debt Collection Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3.      The Debt Collection Settlement Class means all persons nationwide within the United States who, on or after July 3, 2009 through December 31, 2013, received a call from West Asset Management, Inc. (or its agent or affiliate) in reference to a debt owed to American Express, to any of the 3,219 cellular telephone numbers on the Class List through the use of an automatic telephone dialing system, a predictive dialer and/or an artificial or prerecorded voice, where (i) the call was made in connection with the account of a "deceased customer" and/or (ii) the person called did not have a contractual relationship with American Express.  Excluded from the Debt Collection Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate

2

family, as well as all persons who are validly excluded from the Debt Collection Settlement Class. All Persons who validly excluded themselves from the Debt Collection Settlement Class are not Debt Collection Settlement Class Members as that term is defined and used herein, and shall not be bound by this Final Approval Order or any release provided herein. A list identifying all Persons who validly excluded themselves from the Debt Collection Settlement Class has been filed under seal with the Court (see Dkt. No. 369.2).

4.     The Court notes that there were no objections to the settlement agreement filed by class members and that the Debt Collection Settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

5.     The Court hereby finds that the Debt Collection Agreement is the product of arm's-length settlement negotiations between Plaintiffs and Class Counsel, on the one hand, and American Express, WAM and their respective counsel on the other hand.

6.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Debt Collection Settlement Class in accordance with the terms set forth in Section III.E of the Debt Collection Agreement and this Court's Preliminary Approval Order (Dkt. No. 358).

7.     The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil

3

Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all members of the Debt Collection Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Debt Collection Settlement Class as contemplated in the Debt Collection Settlement and this Order.

8.      This Court hereby finds and concludes that the notice provided by American Express and WAM pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9.      The Court finds that the Debt Collection Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Debt Collection Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Plaintiffs, in their roles as Class Representatives, and Class Counsel adequately represented the Debt Collection Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Debt Collection Settlement Class Members who were not excluded from the Debt Collection Settlement Class are bound by the terms and conditions of the Debt Collection Agreement.

4

10.     The Court hereby finds that the Debt Collection Settlement Class Members have been adequately represented by Class Counsel.  The Court specifically approves Class Counsel's application for attorneys' fees of $333,333.33 and costs of $19,380.19, which the Court finds to be fair and reasonable.  Accordingly, Class Counsel is hereby awarded $352,713.52, such amounts to be paid from the Debt Collection Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

11.     The Court finds the payment of service awards in the amount of $5,000 to each of the Debt Collection Settlement Class Representatives Jennifer Ossola and Scott Dolemba to be fair and reasonable.  Accordingly, each of those Debt Collection Settlement Class Representatives is hereby awarded $5,000, such amounts to be paid from the Debt Collection Settlement Fund pursuant to and in the manner provided by the terms of the Debt Collection Agreement.

12.     The Debt Collection Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Debt Collection Settlement and this Order and Final Judgment.

13.     The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein.  The Debt Collection Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class

5

Representatives are typical of the claims of the Debt Collection Settlement Class; the Class Representatives will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Debt Collection Settlement Class Members, American Express and WAM.

14.     This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Debt Collection Agreement, this Action.

15.     The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Debt Collection Agreement.

16.     Plaintiffs and each and every one of the Debt Collection Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Debt Collection Agreement.  In addition, any rights of the Debt Collection Settlement Class Representatives and each and every one of the Debt Collection Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

17.     Each and every Debt Collection Settlement Class Member, and any person actually or purportedly acting on behalf of any Debt Collection Settlement

LA 51998155

Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Debt Collection Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18.     The Debt Collection Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by American Express or WAM, or of the truth of any of the claims asserted by Plaintiffs, and evidence relating to the Debt Collection Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Debt Collection Agreement, the Preliminary Approval Order, and/or this Order.

19. In the event that any provision of the Debt Collection Settlement or this Final Judgment and Order of Dismissal is asserted by American Express or WAM as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Debt Collection Settlement Class Member or any person actually or purportedly acting on behalf of any Debt Collection Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Debt Collection Agreement, this Order and this Court's authority to effectuate the Debt Collection Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. By incorporating the Debt Collection Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

21.     Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Debt Collection Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and each and every Debt Collection Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

22.     If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Debt Collection Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Debt Collection Settlement.

23.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Debt Collection Settlement.

     IT IS SO ORDERED.

Dated:

12/2/16

_____
Hon. John Z. Lee
United States District Judge

LA 51998155

10